

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKIE LOGYANG WONG, 36334-177,<br>Petitioner, | § § § | |
| v. | § § | 3:12-CV-444-L<br>3:07-CR-162-L (02) |
| UNITED STATES OF AMERICA,<br>Respondent. | § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I. **Facts**

On May 29, 2012, Petitioner filed this petition pursuant to 28 U.S.C. § 2255. On April 20, 2012, the government filed a motion to strike the petition because it exceeded the page limit contained in Local Rule 7.2(c). On May 29, 2012, the Court granted the government's motion to strike. The Court granted Petitioner leave to file a petition of no more than fifty pages. The Court ordered Petitioner to file the amended petition by June 4, 2012. Petitioner failed to respond to the Court's order.

On November 19, 2012, the government filed a motion to dismiss because Petitioner failed to file an amended petition. Petitioner did not respond to the motion to dismiss.

II. **Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for

failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Petitioner has failed to comply with the Court's order to file an amended petition of no more than fifty pages. His petition should therefore be dismissed.

## RECOMMENDATION:

The Court recommends that pursuant to Fed. R. Civ. P. 41(b) the petition for writ of habeas corpus be dismissed without prejudice for failure to comply with the Court's order.

Signed this 4 day of February 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).